## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

WASHINGTON CONVENTION CENTER        :
AND SPORTS AUTHORITY D/B/A          :
EVENTS DC,                          :
801 Mount Vernon Place, NW          :
Washington, D.C.  20001,            :
                                    :
       Plaintiff,                   :
                                    :
       v.                           :       **CASE NO.: 18-cv-3021**
                                    :
AMERICAN CASUALTY COMPANY OF        :
READING, PENNSYLVANIA,              :
151 North Franklin Street           :
Law Department                      :
Chicago, Illinois  60606,           :
                                    :
      Serve:                         :
                                    :
      CT Corporation, Registered Agent  :
      1015 15th Street NW             :
      Suite 1000                     :
      Washington DC 20005,           :
                                    :
        and                        :
                                    :
CONTINENTAL CASUALTY                :
COMPANY,                            :
151 North Franklin Street           :
Law Department                      :
Chicago, Illinois  60606,           :
                                    :
      Serve:                         :
                                    :
      CT Corporation, Registered Agent  :
      1015 15th Street NW             :
      Suite 1000                     :
      Washington DC 20005,           :
                                    :
        and                        :
                                    :
OLD REPUBLIC INSURANCE              :
COMPANY,                            :
133 Oakland Avenue                  :

Greensburg, Pennsylvania 15601        :
                                          :

    Serve:                             :
                                          :

    Hon. Stephen Taylor           :
    District of Columbia         :
    Insurance Commissioner     :
    1050 First Street, NE, Suite 801  :
    Washington, DC 20002,     :
                                            :

          and

WESTCHESTER FIRE INSURANCE    :
COMPANY,                        :
436 Walnut Street               :
Philadelphia, Pennsylvania 19106   :
                                          :

    Serve:                             :
                                          :

    Hon. Stephen Taylor           :
    District of Columbia         :
    Insurance Commissioner     :
    1050 First Street, NE, Suite 801  :
    Washington, DC 20002,     :
                                            :

       Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Washington Convention and Sports Authority, t/a Events DC ("WCSA") and hereby asserts this Complaint for Declaratory Judgment and Breach of Contract against Defendants American Casualty Company of Reading Pennsylvania ("American Casualty") and Continental Casualty Company ("Continental") (collectively "CNA"; and against Old Republic Insurance Company ("Old Republic") and Westchester Fire Insurance Company ("West Chester").

Parties and Jurisdiction

1.      Plaintiff WCSA is an independent authority of the District of Columbia government and is headquartered in the District of Columbia.  WCSA owns the premises known as the Walter E. Washington Convention Center located at 801 Mount Vernon Place NW, Washington, DC 20001 ("Convention Center").

2.      Defendant American Casualty Company of Reading Pennsylvania is an insurance company formed in Pennsylvania with its headquarters in Illinois.  American Casualty is licensed to operate in the District of Columbia and issued Policy P 2092309773 to non-party The Association of Energy Engineers ("AEE").

3.      Defendant Continental Casualty Company ("Continental") is an insurance company formed in Illinois with its headquarters in Illinois.  Continental is licensed to operate in the District of Columbia and issued Commercial Umbrella Policy 2092309787 to non-party AEE.

4.      Defendant Old Republic Insurance Company ("Old Republic") is an insurance company formed in Pennsylvania with its headquarters in Pennsylvania.  Old Republic is licensed to operate in the District of Columbia and issued Commercial General Liability Policy MWZY301849 ("CGL Policy") to non-party Freeman Decorating Services, Inc. ("Freeman").

5.      Defendant Westchester Fire Insurance Company ("Westchester") is an insurance company formed in Pennsylvania with its headquarters in Pennsylvania.  Westchester is licensed to operate in the District of Columbia and issued Commercial Umbrella Policy G22037754009 ("Westchester Umbrella Policy") to non-party Freeman.

6.      The amount in controversy exceeds $75,000 because Plaintiff is currently defending itself in the underlying action and incurring expenses in so doing, and because the underlying plaintiff seeks $2,000,000 in damages.

7.      This court may exercise subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, and 28 U.S.C. § 2201, and the defendants are completely diverse from the plaintiff and the amount in controversy exceeds $75,000.

8.      Venue is appropriate as the alleged tort underlying this action took place in the District, the License Agreement is to be construed in accordance with the law of the District of Columbia, the License Agreement specifically contemplates venue in the District of Columbia, Plaintiff WCSA is an entity formed in the District of Columbia and primarily conducting business there, and the Defendants are licensed to issue insurance policies within the District of Columbia.

<u>Factual Background</u>

9.      On May 17, 2017, Robert Cooney ("Cooney") filed suit against WCSA and others in the Superior Court for the District of Columbia, case number 2017 CA 003395 B, seeking to recover damages for injuries he allegedly received on September 30, 2014 while an exhibitor at the World Energy Engineer Congress (the "Event").   A true and correct copy of Plaintiff's Amended Complaint is attached hereto as Exhibit A.

10.     The Event was sponsored by AEE, which is now a third-party defendant in the underlying tort suit filed by Plaintiff Cooney.

11.     On or about January 16, 2014, AEE entered into a License Agreement with WCSA to enter and the Convention Center for the Event.   A true and correct copy of the AEE License Agreement is attached hereto as Exhibit B.

12.     Paragraph 22 of the License Agreement states that "This Agreement shall be governed by and construed in accordance with the laws of the District of Columbia."

13.     Paragraph 11 of the License Agreement required AEE to indemnify and defend WCSA as follows:

> [AEE] shall indemnify, defend and hold harmless [WCSA] from and against any and all losses, damages, costs, expenses, claims, and other liabilities (including attorney's fees and costs) arising out of, or otherwise attributable to, the Event and the license granted herein, and/or [AEE]'s use and/or occupancy of the Convention Center.  This indemnification shall not extend to any claims arising from the gross negligence or intentional acts of [WCSA] or its agents, employees, or representatives.

14.     The incident described in Plaintiff Cooney's Amended Complaint falls within the scope of this indemnity clause.  Specifically, Plaintiff Cooney alleges that he was "lawfully present at the premises as a participant in the World Energy Engineering Congress" and that he was injured when he came into contact with exposed and energized electrical wires in a "utility closet within a restroom located at the premises in the vicinity of the conference hall." (See Exhibit A at ¶¶7-8.)

15.     Paragraph 9 of the License Agreement required AEE to procure insurance naming WCSA as an additional insured:

> Notwithstanding any indemnification provision of this Agreement, [AEE] shall secure, at its sole cost, for the duration of the License Period (which License Period shall include move-in and move-out) from a company licensed by the District of Columbia, liability insurance as set forth in Exhibit II comprising the coverages and minimum limits described therein (or other coverages and limits as reasonably required by [WCSA]), for claims arising from injury or death to persons or damage to property and contractual liability.  Such insurance shall name [WCSA], its Board of Directors, officers and employees, and the Government of the District of Columbia as additional insureds and shall contain agreements by the insurers that policies shall not be cancelled or materially modified except upon thirty (30) days prior written notice to

> [WCSA].  [AEE] shall, not later than twenty-one (21) days before the move-in date, submit to [WCSA] a certificate of insurance evidencing the insurance coverage required herein, which certificate shall substantially conform to Exhibit II, and which shall expressly identify the additional insureds described herein.

(Exhibit B.)

16.     AEE procured Commercial General Liability coverage from American Casualty, Policy P2092309773 ("American Casualty Policy"), a true and correct copy of which is attached hereto as Exhibit C.  The American Casualty Policy generally provides coverage for bodily injury as alleged in the Amended Complaint (Exhibit A).

17.     Thereafter, AEE produced an ACORD Certificate of Liability Insurance form dated 8/20/2014 to WCSA, upon which WCSA relied.  The ACORD form lists WCSA and related entities as additional insureds, and lists, among others, the American Casualty Policy and the Continental Umbrella Policy.  A true and correct copy of the ACORD Certificate of Liability Insurance is attached hereto as Exhibit D.

18.     The License Agreement (Exhibit B) falls within the definition of an "insured contract" within the American Casualty Policy.  Specifically, the License Agreement (Exhibit B) fits within the following definitions of an "insured contract:"

> a.     Section V - Definitions, 9(a): "A contract for a lease of premises [but excluding certain fire losses]."
>
> b.     Section V - Definitions, 9(c): "Any easement or license agreement, except in connection with construction or demolition operations [near] a railroad."
>
> c.     Section V - Definitions, 9(f): That part of any other contract or agreement pertaining to your business (including indemnification of a municipality in connection with work performed for a municipality) under which you assume the

6

tort liability of another party to pay for 'bodily injury' or 'property damage' to a

third person or organization.  Tort liability means a liability that would be

imposed by law in the absence of any contract or agreement."

19.     In addition, WCSA is an additional insured under The American Casualty Policy

as amended by the Extension of Coverage Endorsement, Form G-147167-B99 (Ed. 12/06).

Specifically, Section 2(c), MISCELLANEOUS ADDITIONAL INSUREDS, provides:

> WHO IS AN INSURED (Section II) is amended to include and an
> insured any person or organization (called an additional insured)
> described in paragraphs 2.a through 2.g below whom you are
> required to add as an additional insured on this policy under a
> written contract or agreement but the written contract or agreement
> must be:
>
> 1.     Currently in effect or becoming effective during the term of
> this policy; and
>
> 2.     Executed prior to the "bodily injury," "property damage" or
> "personal injury and advertising injury", but
>
> Only the following persons or organizations are additional insureds
> under this endorsement, and coverage provided to such additional
> insureds is limited as provided herein:
>
> *          *          *
>
> c.     **Managers or Lessors of Premises** - A manager or lessor
> of premises but only with respect to liability arising out of the
> ownership, maintenance or use of that specific part of the premises
> leased to you and subject to the following additional exclusions:
> This insurance does not apply to:
>
> (1) Any "occurrence" which takes place after you cease to
> be a tenant in that premises; or
>
> (2) Structural alterations, new construction or demolition
> operations performed by or on behalf of such additional
> insured.

7

20.     Defendant Continental issued Commercial Umbrella Policy 2092309787 to AEE. Upon information and belief, the Continental Umbrella Policy follows form or is otherwise substantially similar to the American Casualty Policy such that WCSA is an additional insured under the Continental Umbrella Policy as well.  Upon information and belief, Continental Casualty has a copy of its policy in its possession, custody or control.

21.     WCSA is actively defending itself in the litigation brought by tort Plaintiff Cooney. WCSA has already and continues to incur defense costs in that litigation and may be held liable for Plaintiff Cooney's claimed damages and/or forced to pay sums to settle the claims of Plaintiff Cooney.

22.     WCSA tendered its defense in the Cooney matter to American Casualty and also demanded indemnity coverage under American Casualty Policy.  American Casualty denied those requests thereby breaching the terms of the American Casualty Policy.  Continental has likewise denied coverage and failed to provide a defense thereby breaching the terms of the Continental Umbrella Policy.

23.     Freeman is an approved contractor to provide event set-up and tear-down within the Convention Center.  Additionally, Freeman provided certain audio-visual services and/or equipment within the Convention Center.

24.     On or about January 5, 2014, Freeman entered into Right of Entry Permit for Professional Convention or Exposition Services Contractors Permit No. 105 with WCSA to enter portions of the Convention Center and to provide various contract services therein.  A true and correct copy of the Freeman License Agreement is attached hereto as Exhibit E.  Those contract services included "exposition installation and dismantling, audiovisual, production, rigging,

security, transportation management, medical, floral, labor or other professional convention or

exposition contract services."

25. Paragraph 3 of the Permit mandates that:

> [Freeman], its agents, employees and all persons under its control or supervision shall not cause damage to property or injury to persons in the Convention Center and shall at all times maintain all areas used in the Convention Center in a clean and orderly condition. [Freeman] shall ensure that its agents, employees and all persons under its control or supervision conduct themselves in a friendly, professional, and cooperative manner with [WCSA]'s guests and staff.

26. Paragraph 8 of the Permit requires Freeman to indemnify and defend WCSA as

follows:

> By receiving this Permit, [Freeman] hereby releases and shall defend, indemnify and save harmless [WCSA and related individuals] from any and all claims, demands and payments (including attorney's fees), suits, actions, damages, losses, costs, liabilities, expenses and judgments of every nature and description made, brought or recovered by any person by reason of, arising out of, or as a consequence of, the exercise of the issuance of this Permit and the privilege granted herein, the use of the Convention Center, or the failure to comply with the terms and conditions of this Permit or its enforcement. Such indemnification shall not extend to any loss or damage resulting from of [WCSA]'s sole negligence, gross negligence or willful misconduct, its Board of Directors, officers, agents and employees; provided, however, that [Freeman] shall defend [WCSA] until it has been determined by a court of competent jurisdiction that the loss or damage resulted from [WCSA]'s sole negligence, gross negligence or willful misconduct. [Freeman]'s indemnification of [WCSA] is independent from, and not limited in any manner by, [Freeman]'s insurance coverage obtained pursuant to this Permit or otherwise.

27. The incident described in tort Plaintiff Cooney's Amended Complaint falls within

the scope of this indemnity clause. Specifically, Plaintiff Cooney alleges that "the employees

and/or agents of [Freeman] then guided Plaintiff [Cooney] to the utility closet and the agents

and/or employees of [Freeman] further advised Plaintiff [Cooney] that he should fill up his

bucket of water in the utility closet."   The Amended Complaint further alleges that, while

Plaintiff Cooney was filling his water bucket, "Plaintiff [Cooney] inadvertently made contact

with exposed electrical wires" and that "[t]he agents and/or employees of [Freeman] knew or

should have known that the utility closet to which they led Plaintiff [Cooney] had exposed

electrical wiring that posed an unreasonable risk of harm to Plaintiff [Cooney] and any other

person that entered the utility closet."   (*See* Exhibit A at ¶¶8-12.)

      28.    Paragraph 9 of the Permit required Freeman to procure insurance naming WCSA

as an additional insured:

> [Freeman] shall secure and maintain, at its sole cost, for the duration of this Permit, liability insurance, the minimum amounts of which are described below, for claims arising from injury or death to persons or damage to property, which insurance shall contain an endorsement naming [WCSA and related individuals] as additional insureds.   [WCSA] shall not be responsible for carrying any insurance of any kind to cover any of [Freeman]'s property.  Prior to entering the Convention Center, performing any Convention/Exposition Services, or engaging in any use of the Convention Center, [Freeman] shall provide a certificate of insurance (or, if requested by [WCSA], the policy endorsement) evidencing coverage in at least the amounts shown below and identifying [WCSA and related individuals] as additional insureds. All insurance required under the Permit shall contain agreements by the insurers that the policies shall not be cancelled or materially modified except upon thirty (30) days prior written notice to [WCSA].   [Freeman] shall immediately notify [WCSA] of such cancellation or material modification.

> I.  Commercial General Liability:
>     General Aggregate:    $2,000,000
>     Products – Completed/Operations Aggregate:    $2,000,000
>     Personal and Advertising Injury:    $1,000,000
>     Each Occurrence:    $1,000,000
>     Fire Damage (any one fire)    $300,000
>     Medical Expense (any one person)    $10,000
>           …
> III.  Excess Liability:    $5,000,000
>           …

29.     Freeman procured Commercial General Liability coverage from Old Republic, Policy MWZY301849 ("Old Republic Policy"), a true and correct copy of which is attached hereto as Exhibit F.  The Old Republic Policy generally provides coverage for bodily injury as alleged in the Amended Complaint (Exhibit A).

30.     Thereafter, Freeman produced an ACORD Certificate of Liability Insurance form dated 3/12/2014 to WCSA, upon which WCSA relied.  The ACORD form lists WCSA and related entities as additional insureds, and lists, among others, the Old Republic Policy and the Westchester Umbrella Policy.  A true and correct copy of the ACORD Certificate of Liability Insurance is attached hereto as Exhibit G.

31.     In addition, Freeman produced Endorsement Form GL 487 004 0413 to WCSA , upon which WCSA relied, which names WCSA and related entities as additional insureds and amends Section II – WHO IS AN INSURED

> …to include as an additional insured the person or organization shown in the Schedule, but only with respect to such person's or organization's vicarious liability arising out of "your work" for that additional insured by or for you and only for your ongoing operations.  In no event, will we provide coverage or a defense for this additional insured beyond what we provide for you for the same "occurrence."  The person or organization shown in the Schedule is an additional insured only for their vicarious liability for acts or omissions of you or "your work."  However, the insurance provided will not exceed the lessor [sic] of:
>
> 1.  The coverage and/or limits of this policy, or
>
> 2.   The coverage and/or limits required by said contract or agreement.

32.     Westchester issued Commercial Umbrella Policy G22037754009 to Freeman.  Upon information and belief, the Westchester Umbrella Policy follows form or is substantially similar to the Old Republic Policy such that WCSA is an additional insured under the

Westchester Umbrella Policy as well.  Upon information and belief, a copy of the Westchester policy is in the possession, custody or control of Westchester.

33.     WCSA is actively defending itself in the litigation brought by tort Plaintiff Cooney. WCSA has already and continues to incur defense costs in that litigation and may be held liable for Plaintiff Cooney's claimed damages and/or forced to pay sums to settle the claims of Plaintiff Cooney.

34.     WCSA tendered its defense in the Cooney matter to Freeman and requested that such demand be forwarded to Old Republic.  Upon information and belief, Old Republic is providing a defense and indemnity to Freeman in the tort litigation under Old Republic Policy. To date, Old Republic has refused to provide a defense and indemnity to WCSA, thereby breaching the terms of the Old Republic Policy.  Westchester has likewise failed to provide a defense thereby breaching the terms of the Westchester Umbrella Policy.

**COUNT I: DECLARATORY JUDGMENT**
**(Defendant American Casualty Company of Reading Pennsylvania)**

35.     WCSA incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

36.     The American Casualty Policy includes the Extension of Coverage Endorsement, Form G-147167-B99 (Ed. 12/06), which provides as here pertinent:

> WHO IS AN INSURED (Section II) is amended to include and an insured any person or organization (called an additional insured) described in paragraphs 2.a through 2.g below whom you are required to add as an additional insured on this policy under a written contract or agreement but the written contract or agreement must be:
>
> 1.     Currently in effect or becoming effective during the term of this policy; and

2.  Executed prior to the "bodily injury," "property damage" or "personal injury and advertising injury", but

Only the following persons or organizations are additional insureds under this endorsement, and coverage provided to such additional insureds is limited as provided herein:

*　　　*　　　*

**c.  Managers or Lessors of Premises** - A manager or lessor of premises but only with respect to liability arising out of the ownership, maintenance or use of that specific part of the premises leased to you and subject to the following additional exclusions: This insurance does not apply to:

> (1) Any "occurrence" which takes place after you cease to be a tenant in that premises; or

> (2) Structural alterations, new construction or demolition operations performed by or on behalf of such additional insured.

37.  Under the contract between AEE and WSCA, AEE is required to add WSCA as an additional insured under its Commercial General Liability insurance policy:

> Notwithstanding any indemnification provision of this Agreement, [AEE] shall secure, at its sole cost, for the duration of the License Period (which License Period shall include move-in and move-out) from a company licensed by the District of Columbia, liability insurance as set forth in Exhibit II comprising the coverages and minimum limits described therein (or other coverages and limits as reasonably required by [WCSA]), for claims arising from injury or death to persons or damage to property and contractual liability. Such insurance shall name [WCSA], its Board of Directors, officers and employees, and the Government of the District of Columbia as additional insureds and shall contain agreements by the insurers that policies shall not be cancelled or materially modified except upon thirty (30) days prior written notice to [WCSA]. [AEE] shall, not later than twenty-one (21) days before the move-in date, submit to [WCSA] a certificate of insurance evidencing the insurance coverage required herein, which certificate shall substantially conform to Exhibit II, and which shall expressly identify the additional insureds described herein.

(Exhibit B, emphasis added.)

38.     Because AEE is required by contract to add WCSA as an additional insured, and WCSA is a lessor (and manager) of premises leased to AEE for the purposes of holding a trade show, WCSA is an additional insured under the American Casualty Policy (Exhibit C).

39.     As an additional insured, American Casualty owes WSCA a direct duty to defend and indemnify it with respect to the Cooney suit as if it were an additional named insured under the policy.

40.     As of the filing of this action, American Casualty has wrongfully failed and refused to defend WSCA in the Cooney action.

41.     WSCA is uncertain of its rights and obligations under the American Casualty Policy and the AEE contract and therefore brings this declaratory judgment action to resolve that uncertainty.

WHEREFORE, Plaintiff WCSA respectfully seeks a declaratory judgment that, under the CGL Policy, Defendant American Casualty has a duty to defend and indemnify WCSA with respect to the claims asserted by tort Plaintiff Cooney.

## COUNT II: DECLARATORY JUDGMENT
### (Defendant Continental Casualty Company)

42.     WCSA incorporates by reference paragraphs 1 through 33.

43.     Upon information and belief, the Continental Umbrella Policy follows form with respect to the American Casualty such that WCSA is an "additional insured" under the Continental Umbrella Policy to the same extent and for the same reasons that WCSA is an "additional insured" under the American Casualty Policy.

44.     By virtue of its status as an "additional insured" WCSA is entitled to indemnity and a defense from Continental with respect to the claims asserted by tort Plaintiff Cooney.

45.      WCSA demanded indemnity and a defense from Continental.  Continental denied

coverage and, to date, has failed to provide a defense to WCSA.

46.      WSCA is uncertain of its rights and obligations under the Continental Policy and

the AEE contract and therefore brings this declaratory judgment action to resolve that

uncertainty.

WHEREFORE, Plaintiff WCSA respectfully requests a declaratory judgment that, under

the Continental Umbrella Policy, Defendant Continental will have a duty to defend and

indemnify WCSA with respect to the claims asserted by tort Plaintiff Cooney in the event that

the American Casualty primary policy is exhausted.

## COUNT III: BREACH OF CONTRACT
### (Defendant American Casualty Company of Reading Pennsylvania)

47.      WCSA incorporates by reference paragraphs 1 through 33 as if fully set forth

herein.

48.      The American Casualty Policy (Exhibit C) includes the Extension of Coverage

Endorsement, Form G-147167-B99 (Ed. 12/06), which provides as here pertinent:

> WHO IS AN INSURED (Section II) is amended to include and an
> insured any person or organization (called an additional insured)
> described in paragraphs 2.a through 2.g below whom you are
> required to add as an additional insured on this policy under a
> written contract or agreement but the written contract or agreement
> must be:
>
> 1.      Currently in effect or becoming effective during the term of
> this policy; and
>
> 2.      Executed prior to the "bodily injury," "property damage" or
> "personal injury and advertising injury", but
>
> Only the following persons or organizations are additional insureds
> under this endorsement, and coverage provided to such additional
> insureds is limited as provided herein:

*       *       *

**c.      Managers or Lessors of Premises** - A manager or lessor of premises but only with respect to liability arising out of the ownership, maintenance or use of that specific part of the premises leased to you and subject to the following additional exclusions: This insurance does not apply to:

> (1) Any "occurrence" which takes place after you cease to be a tenant in that premises; or
>
> (2) Structural alterations, new construction or demolition operations performed by or on behalf of such additional insured.

49.     Under the contract between AEE and WSCA, AEE is required to add WSCA as an additional insured under its Commercial General Liability insurance policy:

> Notwithstanding any indemnification provision of this Agreement, [AEE] shall secure, at its sole cost, for the duration of the License Period (which License Period shall include move-in and move-out) from a company licensed by the District of Columbia, liability insurance as set forth in Exhibit II comprising the coverages and minimum limits described therein (or other coverages and limits as reasonably required by [WCSA]), for claims arising from injury or death to persons or damage to property and contractual liability. Such insurance shall name [WCSA], its Board of Directors, officers and employees, and the Government of the District of Columbia as additional insureds and shall contain agreements by the insurers that policies shall not be cancelled or materially modified except upon thirty (30) days prior written notice to [WCSA]. [AEE] shall, not later than twenty-one (21) days before the move-in date, submit to [WCSA] a certificate of insurance evidencing the insurance coverage required herein, which certificate shall substantially conform to Exhibit II, and which shall expressly identify the additional insureds described herein.
>
> (Exhibit B, emphasis added.)

50.     Because AEE is required by contract to add WCSA as an additional insured, and WCSA is a lessor (and manager) of premises leased to AEE for the purposes of holding a trade show, WCSA is an additional insured under the American Casualty policy.

16

51.     As an additional insured, American Casualty owes WSCA a direct duty to defend and indemnify it with respect to the Cooney suit as if it were an additional named insured under the policy.

52.     As of the filing of this action, American Casualty has wrongfully failed and refused to defend WSCA in the Cooney action.

53.     American Casualty has breached the terms of its policy by failing to defend WSCA in the underlying Cooney action and WSCA has been injured by that breach.

WHEREFORE, Plaintiff WCSA, demands judgment against American Casualty for all sums expended in defense of the Cooney matter, including attorney's fees, any sums paid toward settlement and/or an adverse judgment, the costs and attorney's fees of bringing this action, all other damages allowable by law, and for such other and further relief as the Court deems appropriate.

## COUNT IV: DECLARATORY JUDGMENT
### (Defendant Old Republic Insurance Company)

54.     WCSA incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

55.     The Old Republic Policy (Exhibit F) includes the Endorsement Form GL 487 004 0413 amends Section II – WHO IS AN INSURED as follows:

> …to include as an additional insured the person or organization shown in the Schedule, but only with respect to such person's or organization's vicarious liability arising out of "your work" for that additional insured by or for you and only for your ongoing operations.  In no event, will we provide coverage or a defense for this additional insured beyond what we provide for you for the same "occurrence."  The person or organization shown in the Schedule is an additional insured only for their vicarious liability for acts or omissions of you or "your work."  However, the insurance provided will not exceed the lessor [sic] of:

1.      The coverage and/or limits of this policy, or

2.      The coverage and/or limits required by said contract or agreement.

(Exhibit F.)

56.    Paragraph 9 of the Permit required Freeman to procure insurance naming WCSA

as an additional insured:

> [Freeman] shall secure and maintain, at its sole cost, for the duration of this Permit, liability insurance, the minimum amounts of which are described below, for claims arising from injury or death to persons or damage to property, which insurance shall contain an endorsement naming [WCSA and related individuals] as additional insureds.  [WCSA] shall not be responsible for carrying any insurance of any kind to cover any of [Freeman]'s property.  Prior to entering the Convention Center, performing any Convention/Exposition Services, or engaging in any use of the Convention Center, [Freeman] shall provide a certificate of insurance (or, if requested by [WCSA], the policy endorsement) evidencing coverage in at least the amounts shown below and identifying [WCSA and related individuals] as additional insureds. All insurance required under the Permit shall contain agreements by the insurers that the policies shall not be cancelled or materially modified except upon thirty (30) days prior written notice to [WCSA].  [Freeman] shall immediately notify [WCSA] of such cancellation or material modification.
>
> I.  Commercial General Liability:
>
> | | |
> |---|---|
> | General Aggregate: | $2,000,000 |
> | Products – Completed/Operations Aggregate: | $2,000,000 |
> | Personal and Advertising Injury: | $1,000,000 |
> | Each Occurrence: | $1,000,000 |
> | Fire Damage (any one fire) | $300,000 |
> | Medical Expense (any one person) | $10,000 |
>
> …
>
> | | |
> |---|---|
> | III.  Excess Liability: | $5,000,000 |
>
> …

(Exhibit E, emphasis added.)

57.    Because Freeman is required by contract to add WCSA as an additional insured,

WCSA is an additional insured under the Old Republic Policy.

58.     As an additional insured, Old Republic owes WSCA a direct duty to defend and indemnify it with respect to the Cooney suit as if it were an additional named insured under the policy.

59.     As of the filing of this action, Old Republic has wrongfully failed and refused to defend WSCA in the Cooney action.

60.     WSCA is uncertain of its rights and obligations under the Old Republic Policy and the AEE contract and therefore brings this declaratory judgment action to resolve that uncertainty.

WHEREFORE, Plaintiff WCSA respectfully seeks a declaratory judgment that, under the CGL Policy, Defendant Old Republic has a duty to defend and indemnify WCSA with respect to the claims asserted by tort Plaintiff Cooney.

## COUNT V: DECLARATORY JUDGMENT
### (Defendant Westchester Insurance Company)

61.     WCSA incorporates by reference paragraphs 1 through 33.

62.     Upon information and belief, the Westchester Umbrella Policy follows form with respect to the Old Republic such that WCSA is an "additional insured" under the Westchester Umbrella Policy to the same extent and for the same reasons that WCSA is an "additional insured" under the Old Republic Policy.

63.     By virtue of its status as an "additional insured" WCSA is entitled to indemnity and a defense from Westchester with respect to the claims asserted by tort Plaintiff Cooney.

64.     WCSA demanded indemnity and a defense from Westchester.  Continental denied coverage and, to date, has failed to provide a defense to WCSA.

65.     WSCA is uncertain of its rights and obligations under the Westchester Policy and the AEE contract and therefore brings this declaratory judgment action to resolve that uncertainty.

WHEREFORE, Plaintiff WCSA respectfully requests a declaratory judgment that, under the Westchester Umbrella Policy, Defendant Westchester will have a duty to defend and indemnify WCSA with respect to the claims asserted by tort Plaintiff Cooney in the event that the Old Republic primary policy is exhausted.

### COUNT VI: BREACH OF CONTRACT
### (Defendant Old Republic Insurance Company)

66.     WCSA incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

67.     The Old Republic Policy (Exhibit F) includes the Endorsement Form GL 487 004 0413 amends Section II – WHO IS AN INSURED as follows:

> …to include as an additional insured the person or organization shown in the Schedule, but only with respect to such person's or organization's vicarious liability arising out of "your work" for that additional insured by or for you and only for your ongoing operations.  In no event, will we provide coverage or a defense for this additional insured beyond what we provide for you for the same "occurrence."  The person or organization shown in the Schedule is an additional insured only for their vicarious liability for acts or omissions of you or "your work."  However, the insurance provided will not exceed the lessor [sic] of:

> 1.     The coverage and/or limits of this policy, or

> 2.     The coverage and/or limits required by said contract or agreement.

> (Exhibit F.)

68.     Paragraph 9 of the Permit required Freeman to procure insurance naming WCSA as an additional insured:

[Freeman] shall secure and maintain, at its sole cost, for the duration of this Permit, liability insurance, the minimum amounts of which are described below, for claims arising from injury or death to persons or damage to property, which insurance shall contain an endorsement naming [WCSA and related individuals] as additional insureds. [WCSA] shall not be responsible for carrying any insurance of any kind to cover any of [Freeman]'s property. Prior to entering the Convention Center, performing any Convention/Exposition Services, or engaging in any use of the Convention Center, [Freeman] shall provide a certificate of insurance (or, if requested by [WCSA], the policy endorsement) evidencing coverage in at least the amounts shown below and identifying [WCSA and related individuals] as additional insureds. All insurance required under the Permit shall contain agreements by the insurers that the policies shall not be cancelled or materially modified except upon thirty (30) days prior written notice to [WCSA]. [Freeman] shall immediately notify [WCSA] of such cancellation or material modification.

I. Commercial General Liability:

| | |
|---|---:|
| General Aggregate: | $2,000,000 |
| Products – Completed/Operations Aggregate: | $2,000,000 |
| Personal and Advertising Injury: | $1,000,000 |
| Each Occurrence: | $1,000,000 |
| Fire Damage (any one fire) | $300,000 |
| Medical Expense (any one person) | $10,000 |

…

| | |
|---|---:|
| III. Excess Liability: | $5,000,000 |

…

(Exhibit E, emphasis added.)

69.     Because Freeman is required by contract to add WCSA as an additional insured, WCSA is an additional insured under the Old Republic Policy.

70.     As an additional insured, Old Republic owes WSCA a direct duty to defend and indemnify it with respect to the Cooney suit as if it were an additional named insured under the policy.

71.     As of the filing of this action, Old Republic has wrongfully failed and refused to defend WSCA in the Cooney action.

72.     As a result of its wrongful failure to defend WSCA, Old Republic has breached the policy.  WSCA has suffered injury as a result of that breach.

WHEREFORE, Plaintiff WCSA, demands judgment against American Casualty for all sums expended in defense of the Cooney matter, including attorney's fees, any sums paid toward settlement and/or an adverse judgment, the costs and attorney's fees of bringing this action, all other damages allowable by law, and for such other and further relief as the Court deems appropriate.

JURY DEMAND

Plaintiff WSCA demands trial by jury for all claims so triable.

DATED this 20th day of December, 2018.

Respectfully submitted,

BONNER KIERNAN TREBACH & CROCIATA, LLP

*/s/ William H. White Jr.*
Christopher E. Hassell, Esq. (#291641)
William H. White Jr. (#461341)
1233 20th Street, NW, 8th Floor
Washington, D.C.  20036
Tel.: 202-712-7000
Fax: 202-712-7100
chassell@bonnerkiernan.com
wwhite@bonnerkiernan.com
*Counsel for Plaintiff*
***Washington Convention Center and Sports Authority D/B/A Events DC***